IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DIGENE CORPORATION,

                               Plaintiff,                               ORDER

    v.

                                                                     07-C-22-C

THIRD WAVE TECHNOLOGIES, INC.,

                               Defendant.

---

        Before the court in this patent/antitrust lawsuit is Third Wave's motion to compel discovery. Third Wave seeks production of information redacted from a March 27, 2007 PowerPoint presentation by Donna Marie Seyfried, at the time Digene's Vice President of Business Development, to a group of Digene executives and (perhaps) Digene's outside consultants. *See* dkt. 170. Digene resists, asserting that the withheld information is protected by the attorney client privilege. *See* dkt. 201. For the reasons stated below, I am granting Third Wave's motion.

        Digene already has provided Third Wave with most of the disputed presentation but has redacted bits and pieces from six PowerPoint slides that it contends are derived from Seyfried's March 20, 2007 "Strategic Discussion" with outside counsel Mary Mullany, a securities lawyer. Digene completely redacted Attorney Mullany's written response to written questions posed to her by Digene's VP. and Third Wave is not challenging that designation.

        Seyfried titled her presentation "Strategic Questions[:] Directors [*sic*] Interview Summaries." See dkt. 172, Exh. A. According to Seyfried, to prepare her presentation she

"interviewed Directors and Officers of Digene as well as Digene's outside counsel . . . Ms. Mullany and Morris Cheston." *See* Dec. 3, 2007 affidavit, dkt. 205, at 2. Seyfried prepared the written summary of her interview with Mullany, then "incorporated the substance of some of Ms. Mullany's words into the presentation." *Id.* Seyfried also clarifies her deposition testimony in which she appears to concede that this presentation did not involve legal advice: Seyfried explains that she made two PowerPoint presentations at this particular retreat and thought she was being asked about the other one.

Attorney Mullany reports that she has represented Digene since 1997, has been in frequent contact with Seyfried, frequently advises Digene on matters related to securities law, but has never advised Digene on the issue whether Third Wave is infringing any Digene patents. In March 2007, Seyfried e-mailed nine questions to Mullany regarding Digene's "corporate strategy" and Mullany "orally conveyed [her] legal opinion regarding these nine questions to Ms. Seyfried." December 3, 2007 affidavit, dkt. 204, at 1-2.

Digene has submitted *ex parte* an unredacted copy of Seyfried's presentation to the court for *in camera* review. *See* Dkt. 203, Exh. 1. The Bates numbers on the unredacted document are different from those on the redacted version provided to Third Wave; for the purposes of this order, it is sufficient to note that the redacted version starts with 030 and the unredacted version starts with 005. Digene has redacted pp. 033/008, 034/009, 035/010, 037/012, 038/013 and 039/014.

The Seventh Circuit uses the "Wigmore" formulation of the attorney client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in [her] capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at [the client's] instance permanently protected (7) from disclosure by [the client] or by the legal adviser, (8) except the protection be waived.

*United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997). The party seeking to invoke the privilege has the burden of proving all of its essential elements. Courts are to construe the privilege narrowly because it fetters the search for truth. *Id. See also United States v. Lawless*, 709 F.3d 485, 487 (7th Cir. 1983)("The scope of the privilege should be strictly confined within the narrowest possible limits.") When lawyers are consulted as business advisors the privilege does not apply. *Burden Weeks v. Welch*, 319 F.3d 897, 899 (7th Cir. 2003)("hiring lawyers to do consultants' work does not bring a privilege into play"); *Evans,* 113 F.3d at 1463. A third party's presence during the consultation usually waives the privilege unless that party's presence was needed to make the conference possible or to assist the attorney in rendering legal services. *Id.* at 1464. As element (5) of the Wigmore formulation provides, the privilege generally attaches only to statements made by the *client*; however, statements made by the lawyer *to* the client will be protected in circumstances where those communications rest on confidential information obtained from the client. *Rehling v. City of Chicago*, 207 F.3d 1009, 1019 (7th Cir. 2000).

Against this legal template, Digene's claim of attorney-client privilege fails. Digene loses on page one: the very title of Seyfried's presentation plainly reveals it to be a summary of input

she received from Digene's directors and other decision makers on strategic business questions Digene wished to ponder. This was not a legal presentation, it was a business presentation. Seyfried was not seeking legal advice from anyone, she was seeking strategic business advice, as is obvious from the questions posed in her questionnaire and the audience to which she sent it: Attorney Mullany received the same questionnaire that the non-lawyers received. Her input was simply one voice in Seyfried's chorus. Neither Mullany nor Seyfried points to any particular redacted entry to identify it as legal advice provided solely by Mullany; indeed, several redacted statements patently are poll results: "majority stated . . ." (p. 033/008); "unanimous: . . ." (p. 039/014). I infer that this is true of all of the redacted material; in any event, some other redacted statements cannot be found in or inferred from Mullany's answers to the questionnaire.

It is puzzling that Digene would resist disclosure on such a tenuous basis because this approach lends the prosaic redacted material a false aura of importance and materiality. Mullany should hope that Digene sufficiently appreciates her loyalty and dedication in taking a hit for the team because her attempt to protect Seyfried's presentation under the aegis of attorney-client privilege was doomed from the outset and it has not enhanced her standing with this court. It is Digene's burden to establish all eight elements of the Wigmore privilege; it fails palpably on (1), (2), (3) (5) and probably would fail (8) if it were not moot.

I am granting Third Wave's motion to compel and I am shifting costs. I will stay my order for one week so that any appeal to the district judge is not academic.

ORDER

It is ORDERED that:

(1) Third Wave's motion to compel is GRANTED. Not later than February 15, 2008, Digene shall produce an unredacted copy of Seyfried's March 27, 2007 PowerPoint presentation.

(2) Pursuant to F.R. Civ. Pro. 37(a)(5)(A), Digene shall pay third Wave's reasonable expenses incurred in making this motion. Not later than February 15, 2008, Third Wave should submit its itemized bill to the court. Not later than February 22, 2008, Digene may challenge the reasonableness of the amount claimed and the appropriateness of cost-shifting on this motion.

Entered this 8th day of February, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge